UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA, ex rel. STEPHANIE    :
MUNFORD,
                                                :
         Plaintiff,
                                                :     18 Civ. 8892 (KMK)
    - against -
                                                :
MARANATHA HUMAN SERVICES, INC., and
HENRY ALFONSO COLEY,                            :

         Defendants.                            :

-----------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, Relator and Defendant Maranatha Human Services, Inc. ("Maranatha") (the "undersigned parties") having agreed to the following terms of confidentiality with respect to Relator's retaliation case, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the undersigned parties in connection with the pre-trial phase of this action:

1.       Counsel for the undersigned parties may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by an undersigned party as confidential will be stamped

"CONFIDENTIAL." This Protective Order authorizes the disclosure, in accordance with the limitations below, of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event either of the undersigned parties challenges the other undersigned party's designation of confidentiality, counsel for the undersigned parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by either of the undersigned parties that Confidential Information disclosed in this case is relevant or admissible. Each undersigned party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a) The Court and Court personnel;

    (b) Attorneys representing any party to this proceeding, employees of such attorneys or law firms with which such attorneys are associated, and other professional and non-professional personnel providing office services to

such attorneys or law firms (including but not limited to office support staff and outside copying services) but only for purposes of this litigation;

(c) Consultants, advisors, experts and their employees retained or consulted by any party or counsel, but only for purposes of this litigation;

(d) Deponents;

(e) An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

(f) The parties or any officers, directors, or employees thereof, but only for purposes of this litigation; and

(g) Witnesses or potential witnesses contacted by counsel in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation.

The undersigned parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, counsel for the undersigned must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall

thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product privileged documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The undersigned parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the undersigned parties' counsel shall be permitted to retain their working file on the condition that those files will remain protected.

11. Nothing herein shall preclude the undersigned parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid

4136-1971-1242.2

subpoena. Moreover, nothing herein shall preclude either party from introducing and/or relying upon documents identified as Confidential in the prosecution or defense of this matter, including at the trial or during any mediation or settlement conference.

12.     This Stipulation and Order, and the obligations of all persons set forth herein, shall survive the termination of this action and shall continue in full force and effect.

SO STIPULATED AND AGREED.

Dated: _____, 2022
       White Plains, New York

_____        _____
Counsel for Plaintiff-Relator           Counsel for Defendant Maranatha

                                        SO ORDERED:

                                        _____
                                        Hon. Kenneth M. Karas
                                        U.S. District Judge
                                        4/6/22