UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA, *ex rel.* STEPHANIE :
MUNFORD,

                                    :        18 Civ. 8892 (KMK) (AEK)

           Plaintiff,

                                     :

      - against -                            ORDER

                                       :

MARANATHA HUMAN SERVICES, INC., and
HENRY ALFONSO COLEY,                    :

           Defendants.                         :

-----------------------------------------------------------------------X

THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.:

        WHEREAS, on July 6, 2022, Relator Stephanie Munford served notice of a subpoena to the New York State Office for People With Developmental Disabilities ("OPWDD") on the parties to the litigation; and

        WHEREAS, on July 6, 2022, OPWDD accepted service of the subpoena; and

        WHEREAS, a copy of the subpoena was filed on July 8, 2022, as an attachment to Relator's letter to the Court that was filed on that date; and

        WHEREAS, an additional copy of the subpoena was served by Relator on all parties by mail on July 18, 2022; and

        WHEREAS, OPWDD has indicated that there are emails responsive to the subpoena from OPWDD to Maranatha Human Services, Inc. ("Maranatha") that attach packets of information regarding particular individuals (1) who were referred for potential placement with respect to facilities and programs for which Maranatha provided services, and (2) who were discussed in responses from Maranatha to OPWDD regarding Maranatha's consideration of the individuals referred by OPWDD for potential placement; and

        WHEREAS, Maranatha alleges that Relator was terminated for alleged failure to fill vacant beds at Maranatha, among other reasons; and

WHEREAS, Relator alleges that the purported ground for her termination based on vacancies is pretextual; and

WHEREAS, the purported vacancy ground for termination is therefore a heavily contested issue in the litigation regarding Relator's retaliation case; and

WHEREAS, if the patient-identifying information is redacted from the emails produced by OPWDD it will not be possible to match up the referrals sent by OPWDD for particular vacancies at Maranatha with the response(s) back from Maranatha with Maranatha's findings about the appropriateness of the referred individual for placement in the particular vacancy, which is highly relevant to the vacancy issue; and

WHEREAS, therefore for purposes of obtaining relevant information from OPWDD in response to Relator's subpoena on this major issue in controversy in this litigation it is necessary for OPWDD to produce the emails and attachments to the emails in unredacted form; and

WHEREAS, OPWDD has indicated that in order to produce these emails and attachments without redaction of patient-identifying information, OPWDD would need an order from the Court pursuant to New York State Mental Hygiene Law  ("NYS MHL") Section 33.13(c)(1) stating that "the interests of justice significantly outweigh the need for confidentiality"; and

WHEREAS, on April 6, 2022, the Court entered a Confidentiality Stipulation and Protective Order ("Protective Order") in Relator's case that provides extensive protections for confidential information in this case, including "information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules")"; and

WHEREAS, the Protective Order provides that "[t]his Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules;" and

WHEREAS, the Protective Order provides, among other things, that patient-identifying information will be designated "CONFIDENTIAL INFORMATION"; and

WHEREAS, the Protective Order provides that such information "will be held and used by the person receiving such information solely for use in connection with the action;" and

WHEREAS, the Protective Order provides that documents designated as "CONFIDENTIAL" cannot be disclosed to any person except the Court and Court personnel, attorneys representing parties in the proceedings and staff for the attorneys, consultants, experts, deponents, stenographers before whom a deposition is taken, the parties or their employees (for purposes of the litigation) and "[w]itnesses or potential witnesses contacted by counsel in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation"; and

WHEREAS, the Protective Order provides that "[a]ny Personally Identifying Information ("PHI"), . . . shall be maintained by the receiving party in a manner that is secure"; and

WHEREAS, if OPWDD has to redact the patient-identifying information, OPWDD will likely have to pay a vendor to perform that task, which will be costly and time-consuming for the agency; and

WHEREAS, OPWDD does not oppose this order;

IT IS THEREFORE ORDERED THAT:

1.      The Court finds that the interests of justice significantly outweigh the need for confidentiality with respect to the patient-identifying information that OPWDD will be producing in response to the Relator's subpoena.

2.      OPWDD is ordered to produce its response to Relator's subpoena without redactions, with the documents labeled as "CONDFIDENTIAL" pursuant to the Court's Protective Order filed on April 6, 2022, and subject to the protections set forth in that order, a  copy of which is attached to this order.

3.      The parties are directed to comply scrupulously with the Court's Protective Order for all purposes in litigation of Relator's case, including, but not limited to, with respect to any patient-identifying information that is produced in response to Relator's subpoena to OPWDD.

4.      With respect to any filing in this case in which information including patient-identifying information is included, the parties can seek the Court's approval to seal the portion of the filing that contains the patient-identifying information.

Dated:  August 3, 2022

_____
UNITED STATES MAGISTRATE JUDGE
ANDREW E. KRAUSE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA, *ex rel.* STEPHANIE        :
MUNFORD,

       Plaintiff,                                                        :

       - against -                                              :        18 Civ. 8892 (KMK)

MARANATHA HUMAN SERVICES, INC., and                 :
HENRY ALFONSO COLEY,                                            :

       Defendants.                                               :

----------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, Relator and Defendant Maranatha Human Services, Inc. ("Maranatha") (the "undersigned parties") having agreed to the following terms of confidentiality with respect to Relator's retaliation case, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the undersigned parties in connection with the pre-trial phase of this action:

1. Counsel for the undersigned parties may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by an undersigned party as confidential will be stamped

"CONFIDENTIAL." This Protective Order authorizes the disclosure, in accordance with the limitations below, of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event either of the undersigned parties challenges the other undersigned party's designation of confidentiality, counsel for the undersigned parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by either of the undersigned parties that Confidential Information disclosed in this case is relevant or admissible. Each undersigned party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   (a) The Court and Court personnel;

   (b) Attorneys representing any party to this proceeding, employees of such attorneys or law firms with which such attorneys are associated, and other professional and non-professional personnel providing office services to

such attorneys or law firms (including but not limited to office support staff and outside copying services) but only for purposes of this litigation;

(c)  Consultants, advisors, experts and their employees retained or consulted by any party or counsel, but only for purposes of this litigation;

(d)  Deponents;

(e)  An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

(f)  The parties or any officers, directors, or employees thereof, but only for purposes of this litigation; and

(g)  Witnesses or potential witnesses contacted by counsel in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation.

The undersigned parties should meet and confer if any production requires a designation of "For

Attorneys' or Experts' Eyes Only."

5.  Prior to disclosing or displaying the Confidential Information to any person,

counsel for the undersigned must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or

documents by him/her for any purpose other than this litigation and has enjoined the disclosure

of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the

form attached as Exhibit A.

6.  The disclosure of a document or information without designating it as

"CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or

information as Confidential Information. If so designated, the document or information shall

thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

      7.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

      8.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product privileged documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      9.     Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The undersigned parties shall follow the Court's procedures for requests for filing under seal.

      10.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the undersigned parties' counsel shall be permitted to retain their working file on the condition that those files will remain protected.

      11.    Nothing herein shall preclude the undersigned parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid

subpoena. Moreover, nothing herein shall preclude either party from introducing and/or relying upon documents identified as Confidential in the prosecution or defense of this matter, including at the trial or during any mediation or settlement conference.

12.   This Stipulation and Order, and the obligations of all persons set forth herein, shall survive the termination of this action and shall continue in full force and effect.

SO STIPULATED AND AGREED.

Dated: _____, 2022
        White Plains, New York

_____
Counsel for Plaintiff-Relator

_____
Counsel for Defendant Maranatha

SO ORDERED:

_____
Hon. Kenneth M. Karas
U.S. District Judge
4/6/22

4856-4992-13413